[No. 3348. Aug. 29, 1928.]

DE VIGIL v. ALBUQUERQUE & CERRILLOS COAL CO. et al.

[270 Pac. 791.]

Reid, Hervey & Iden, of Albuquerque, for appellants.

Catron & Catron, of Santa Fe, for appellee.

OPINION OF THE COURT

PARKER, C. J.   Plaintiff below, appellee here, claimed under our Workmen's Compensation Law for compensation for the death of her husband while working as a coal miner for the appellant Albuquerque & Cerrillos Coal Company.   The defendants, appellants, defended upon the ground, as alleged, that plaintiff was not the lawful wife and widow of the deceased.   The district court found the plaintiff to be the lawful wife and widow of the deceased, and awarded compensation..

The claimant, the widow of the deceased, proved her marriage and the death of the deceased, and rested. Thereupon the defendants showed a former marriage of claimant to another man, and put the man on the stand, and he testified that he had never obtained a divorce from claimant, and had never been served with process in any suit by claimant for divorce.   Thereupon, upon rebuttal, claimant showed by witnesses that her former husband had returned from the state of Colorado with a woman, and had said that she was his wife and that they had three children, that he had obtained a divorce in Colorado, and that claimant was free to marry again.   The court found that a formal marriage was celebrated between claimant and the deceased, and that insufficient evidence was introduced to overcome the presumption of its validity, and that consequently, at the time of the death of deceased, claimant was his lawful wife and entitled to compensation.

1.   At first view it would seem that a fact continuous in its nature, such as marriage, will be presumed to continue after its existence is once shown.   Applied to this

case this presumption would tend to show that the marriage of claimant and one Julio Montoya on December 31, 1907, was still subsisting. However, the marriage of claimant to Vidal Vigil, the deceased, on October 14, 1925, raises another presumption, which is stronger than the former one, and sufficient, in the absence of countervailing proof, to overcome it. This presumption is based upon the consideration that human nature is ordinarily consistent with innocence, morality, and legitimacy, which will counterbalance and overcome the presumption of the continuance of the former relation. Upon this subject, see 18 R. C. L. "Marriage," §§ 39-41; 38 C. J. "Marriage," § 116; Pittinger v. Pittinger, 28 Colo. 308, 64 P. 195, 89 Am. St. Rep. 193, and note; Maier v. Brock et al., 222 Mo. 74, 120 S. W. 1167, 133 Am. St. Rep. 513, 17 Ann. Cas. 673, and note; Brokeshoulder v. Brokeshoulder, 84 Okl. 249, 204 P. 284, 34 A. L. R. 441, and note.

The defendants, appellants, realizing this condition of the law, put on the testimony of Montoya, the first husband, to the effect that he had never procured a divorce, nor been served with process in any divorce proceeding by claimant. The claimant thereupon put on the testimony of witnesses to the effect that Montoya returned to New Mexico from Colorado with another woman, whom he said was his wife, and declared that he had procured a divorce in Colorado and that claimant was free to marry again. One or two witnesses were the sons of Montoya, the first husband. The court was thus confronted with the necessity of passing upon the credibility of these witnesses, and undoubtedly dismissed that of the former husband as unworthy of belief. This finding we do not feel at liberty to disturb. The case then stood as if there was no evidence except the proof of the two marriages. Under such circumstances the presumption in favor of the second marriage must prevail, and the judgment is correct, and should be affirmed, and the cause remanded, and it is so ordered.

BICKLEY and WATSON, JJ., concur.