91 P.2d 504

**TALLENT v. TALLENT.**

No. 4453.

Supreme Court of New Mexico.

March 22, 1939.

Rehearing Denied June 26, 1939.

262

W. A. Sutherland, W. C. Whatley, and R. C. Garland, all of Las Cruces, for appellant.

Herbert Manasse and Holt & Holt, all of Las Cruces, for appellee.

ZINN, Justice.

Appellee brought suit against appellant for a divorce, custody of some minor children and a division of community property.

The complaint alleged, and the appellee proved, that appellant had wilfully deserted appellee during the month of December, 1919. Subsequent to this date, appellant purportedly married another in December, 1921, at Muskogee, Oklahoma. At the time of the hearing he was living with this latter wife. To this latter union there were born and living three children.

Upon hearing the trial court granted appellee the divorce, gave her custody of two minor children and decreed a division of the community property which had been accumulated by the appellant since his abandonment of appellee. Appellant did not personally appear or testify at the hearing.

From this final judgment the case is here on appeal. Four assignments of error are set forth by appellant. The determination of the principal issue, however, is decisive of the case.

It is the appellant's contention that under the pleadings the appellee should have been required to show affirmatively no dissolution of the former marriage tie. In one part of appellee's complaint she alleged that appellant "is married again and cohabiting with a woman * * * and is now living with his second wife * * *." Based upon this assertion in the appellee's complaint, the appellant plants himself upon the general rule of law, found in 18 R.C.L. 416, § 39, as follows: "The law and public policy favor matrimony, and when the celebration of a marriage is once shown, the contract of marriage, the capacity of the parties, and, in fact, everything necessary to the validity of the marriage, in the absence of proof to the contrary, will be presumed. * * * This presumption of legality is said to be one of the strongest known to the law, especially where the legitimacy of the children is involved, for the law presumes morality, and not immorality; marriage, and not concubinage; legitimacy, and not illegitimacy."

It is the theory of the appellant that when this second marriage was shown, it became incumbent upon appellee to prove that the first marriage had not been dissolved, and failing in such proof this cause must fail because the presumption in such a case is that the former marriage has been legally dissolved. Citing 18 R.C.L. page 417, § 41. Citing also De Vigil v. Albuquerque & Cerrillos Coal Co. et al., 33

N.M. 479, 270 P. 791; In re Jubala's Estate, Singh v. Jubala, 40 N.M. 312, 59 P.2d 356.

However, a different situation exists here. In the first paragraph of appellee's complaint she alleged, and appellant did not deny, that "on the 2nd day of September, 1911, in the town of Roby, State of Texas, the plaintiff and defendant were married, *and ever since have been and now are husband and wife."* (Italics ours.)

We view the case as did the trial court, that is, one of interpreting pleadings rather than one of determining whether the presumption of continuance attends the first or subsequent marriage.

Counsel for appellee admits that had appellant denied the allegation of the continuity of the marital relation, that under the weight of authority, when the subsequent marriage was shown, that the burden would not be upon appellant of primarily alleging or proving a divorce from the former spouse. Appellee does not argue that the law does not generally favor with a stronger presumption the legality of the subsequent marriage when once shown, than it does the continuance of the former marital relation unbroken by legal separation. 18 R.C.L. 416–418, §§ 40–43; 38 C.J. 1328, § 104; De Vigil v. Albuquerque & Cerrillos Coal Co. et al., 33 N.M. 479, 270 P. 791; In re Jubala's Estate, 40 N.M. 312, 59 P.2d 356. The rule of presumption generally applicable is not in point here. We need not and do not examine into the authorities, nor do we here determine the rule of presumption said to be applicable, especially when we have a situation like that now presented, where the subsequent marriage is not under direct attack, but rather where the former spouse is seeking a divorce, and the adjudication of rights of property and child custody that go with it. Indeed it may be doubted whether the so-called presumption said to attend the subsequent marriage may be invalid under many circumstances.

We find here a situation where the subsequent marriage is not under direct attack, but rather where the former spouse is seeking a divorce, and the adjudication of rights of property and child custody that go with it.

We are not impressed at all with the appellant's argument that he did not have to deny the allegation of paragraph I of appellee's complaint because, thereafter, in paragraph V of the complaint, appellee plead the subsequent marriage in language which appellant claims should be construed as saving him the necessity of denying the former allegation that they "ever since said time have been and now are husband and wife." He contends that when appellee alleged, that: " * * * that defendant is married again, and cohabitating with a woman, whose maiden name the plaintiff has no knowledge of nor information sufficient to form a belief, and that the defendant is now living with his second wife in the county of Dona Ana and State of New Mexico," that she thus plead and was tied to an admission by pleading of a

new status of the appellant and the other woman that the law would presume, in the absence of proof to the contrary, to be a status of legal, lawful wedlock, notwithstanding the contradiction contained in the allegation of paragraph I.

Appellant did not take the witness stand to show whether or not, insofar as it was within his knowledge, there has been any dissolution of the bonds of matrimony between himself and the appellee. He attempts to rest his whole case on the presumption and defeat the action. Certainly no one knew better than appellant whether he had secured a divorce. Appellee said she was still married to the man. This he failed to deny.

The pleadings are not necessarily subject to the highly technical interpretation which appellant contends for. It is true that only such a construction could sustain appellant's view and theory that he did not have to say whether, where or when he had secured a divorce from appellee. However, he could have easily settled the controversy, and have determined the real issue involved, by first pleading, and then coming into court and giving this information. Faced with this situation, the trial court construed the pleadings otherwise, and did so correctly.

The court found, upon undisputed evidence, that appellant abandoned appellee with her small children. Appellee is not contradicted in her testimony that she had in the early years been led by him to believe that appellant was going to send for her and the children, and that his desertion of her was not permanent, and that the abandonment was not real. Appellee, according to the unchallenged testimony, was left but little, if anything, by the appellant, and that he never contributed anything to her support during all the years he was away; that appellee reared her children alone, working much of the time in the field doing a man's work.

■ The record disclosed also the subsequent marriage. Appellant urges the court to its weighing of the equities to avoid the stigma and injustice which would otherwise fall upon the faultless second wife and her children, by refusing to bastardize this issue from the second union. This is a suit for a divorce and for a division of community property. Only incidentally, it develops that the defendant in the divorce suit has married again. This suit is not a direct attack upon the second marriage. The attack, if any, is merely collateral. The allegation of such marriage in the complaint was, of course, wholly surplusage and unnecessary.

It is not our task to appraise hardships here as between the two groups. We merely state the law. There is much to be said upon both sides of the question relative to the innocent suffering. Ours is only the task of determining the meaning of language, in the light of legal rule.

■ The allegation of marriage and the continuance of the relation is properly and sufficiently plead in paragraph I. This is not denied by appellant. Were it not for paragraph V of the complaint he would

be bound by the undenied allegation contained in paragraph I, and would have nothing upon which to claim error. As we read paragraph V, it is there alleged that the appellant "is married again," and that he was at the time "living with his second wife." This does not mean to say that "although, as stated above in paragraph I that plaintiff and defendant are still man and wife by the undissolved marriage entered into between them in Texas in 1911, defendant is legally married again, and is living with his second wife, whose name I don't know?" The use of the words "is married again" does not necessarily carry the implication of a valid marital contract under the circumstances.

Appellant must rely upon an interpretation of the words "is married" to mean "is legally and lawfully married" to be afforded any comfort here. This, under the circumstances, the trial court refused to read into paragraph V, and we question whether counsel for appellant understood appellee's complaint in that light.

Pleadings must be construed to give them the plain, ordinary and common sense meaning to which they are entitled.

"Language in pleading must be given its reasonable and ordinary meaning and import; and paramount regard should be given to substance rather than to form. The effect of a pleading is not necessarily determined by the technical definition of a single word. Words in a pleading must be construed with reference to the context, and, when it is apparent that a word is not used in the statutory sense, courts will interpret it in the light of its relation to and as explained by the pleadings as a whole." 21 R.C.L. 447, § 10, Pleading.

We hold that the appellee's complaint stands as having properly plead a marriage to appellant and a continuance thereof to the time of the suit; and, incidentally to charge that, notwithstanding this, he has married again and is now living with another woman.

Appellant relied upon a technical point to avoid the necessity of telling the court whether he had ever secured a divorce, or had, on the other hand, contracted a bigamous marriage. This reliance can afford him no relief.

All other assignments of error fail upon the determination of this one in favor of appellee.

Finding no error, the cause will be affirmed, and it is so ordered.

BICKLEY, C. J., and BRICE, SADLER, and MABRY, JJ., concur.